UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Case Number 09-09267-dd

ORDER OF DISMISSAL WITH PREJUDICE

The relief set forth on the following pages, for a total of five pages, including this page, is hereby **ORDERED.**

**FILED BY THE COURT**
**12/28/2010**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 12/29/2010

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: )  Case No. 09-09267-dd
 )
ANGELA VERNAYE ROBERTSON, )  Chapter 13
 )
            DEBTOR. )
_____)

ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court on December 20, 2010, on the trustee's motion to dismiss the case with prejudice for failure to cooperate with the trustee. No response was filed to the motion, and the debtor did not appear at the hearing.

Joy S. Goodwin, the chapter 13 trustee, proffered evidence that the debtor has failed to cooperate with the trustee as required by 11 U.S.C. §1307(c). Based upon the proffer, I find:

1. The debtor filed for chapter 13 relief on December 10, 2009.

2. The debtor had filed a previous chapter 13, number 08-08071-jw, which was dismissed on January 16, 2009, for failing to file schedules and statements.

3. The debtor is under an order of this Court entered January 4, 2010, which extended the automatic stay in her case until February 17, 2010, but which also provided that if the case is dismissed within the first two years following filing, the dismissal would be with prejudice for a period of one (1) year.

4. The debtor's plan was confirmed March 5, 2010. Her plan provides that she would pay $995.00 for 60 months which would result in a payment of approximately 16

per cent to her unsecured creditors.  The only secured debt being paid through the debtor's plan is on a vehicle.

5.  The debtor is past due on her trustee payments in the amount of $2,134.00 and the trustee filed a petition to dismiss for failure to make payments on November 11, 2010.

6.  The debtor operates a child care center named Kids Zone Academy located at 8808 Wilson Road, Columbia, South Carolina 29203.  She informed the trustee that she has employees who work for her in the operation of this business, and the trustee determined that this is a business case within the meaning of 11 U.S.C. § 1304.

7.  The trustee, through her staff attorney, met with the debtor at the debtor's place of business on May 20, 2010, and the debtor was informed what her responsibilities are as a debtor engaged in business and was given forms to file quarterly reports with the trustee pursuant to Rule 2015, Federal Rules of Bankruptcy Procedure.

8.  On July 8, 2010, the trustee filed her Report of Business Investigation.

9.  The debtor's first quarterly report was due on July 20, 2010, and although the trustee made subsequent demand on the debtor for the report, it was never received.

10.  The debtor did not provide the third quarterly report which was due October 20, 2010.

11.  The trustee has been unable to reach the debtor at the telephone number the debtor provided.

Section 521(a)(3) requires a debtor to cooperate with the trustee in order for the trustee to carry out the duties imposed by the statute.  Section 1302(c) provides:

> (c) If the debtor is engaged in business, then in addition to the duties specified in subsection (b) of this section, the trustee shall perform the duties specified in sections 1106(a)(3) and 1106(a)(4) of this title.

Sections 1106(a)(3) and (4) require a trustee to conduct an investigation into the business operated by a debtor, including "the operation of the debtor's business and the desirability of the continuance of the business, and any other matter relevant to the case or the formulation of a plan." § 1106(a)(3). Subsection (a)(4) requires the trustee to file a report concerning the investigation.

The trustee cannot meet her obligations under the statute without the cooperation of the debtor. I find this debtor has failed to cooperate with the trustee and has failed to make payments to the trustee.

There are a variety of reasons cases are dismissed or converted under § 1307(c). While not specifically listed among the examples, failing to act with good faith or acting in bad faith has been recognized as a proper reason to dismiss a case. See, *In re Kestell*, 99 F.3d 146, 149 (4th Cir. 1996). ("Reasons constituting 'cause' for dismissal include enumerated ones . . . as well as judicially created ones such as bad faith.") (Citation omitted). Failing to cooperate with the trustee has been recognized as a ground to trigger a finding of bad faith conduct. *See, In re Nichols*, 2009 WL 2406172 (Bankr. E.D.N.C. 2009) (finding conversion under § 707 appropriate when debtors ignored the requests of auditors to cooperate in auditing their chapter 13 case, citing § 521(a)(3)-(4)). In this District, this Court addressed a similar issue raised by *In re Gabriell*, 390 B.R. 816 (Bankr. D.S.C. 2008). In *Gabriel,* the issue was the debtor's pending motion to convert her chapter 7 case to a case under chapter 13. The Trustee had a cross motion pending for turnover of a tax refund. Citing *Marrama v. Citizens*

*Bank of Massachusetts*, 127 S.Ct. 1105 (2007), the Court found the debtor's bad faith conduct in hiding assets and her "fail[ure] to cooperate with the trustee" were sufficient for the Court to deny her the right to convert her case to a chapter 13 and provided adequate grounds for the Court to grant the trustee's motion to order turnover of the debtor's tax refund to the bankruptcy estate. *Gabriel*, at 821. While the *Gabriel* trustee did not seek dismissal of the bankruptcy, the underlying principles are the same. In *Gabriel*, the best interest of the creditors was served by keeping the debtor in her chapter 7 and obtaining turnover of the funds coming to the debtor from her tax refund.

I find that the debtor's willful refusal to cooperate with the trustee justifies dismissing her case, and pursuant to this Court's prior order, the dismissal is with prejudice for a period of one year under chapters 11, 12 or 13 of the United States Bankruptcy Code.

AND IT IS SO ORDERED.